IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

DWAYNE LOWERY
a/k/a Chi Chi,

24-CR-132-V

Defendant.

## PLEA AGREEMENT

The defendant, DWAYNE LOWERY a/k/a Chi Chi, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to Counts 6 and 8 of the Indictment, which charge:

a.     In Count 6, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute 40 grams or more of fentanyl), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life; and

b.     In Count 8, a violation of Title 18, United States Code, Section 1201(a)(1) (kidnapping), for which the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 5 years.

c.    The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 8 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

4.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 6: Possession with Intent to Distribute 40 Grams or More of Fentanyl

a.    That the defendant possessed a controlled substance;

b.    That the defendant knew that he possessed a controlled substance;

c.    That the defendant intended to distribute the controlled substance; and

d.    That the offense involved 40 grams or more of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (fentanyl).

2

## Count 8: Kidnapping

a.   That the defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away a person;

b.   That the defendant held a person for ransom or reward or for any other reason;

c.   That in committing or in furtherance of the commission of the offense the defendant used a means, facility, or instrumentality of interstate or foreign commerce; and

d.   That the defendant acted unlawfully, knowingly, and willfully.

## FACTUAL BASIS

5.   The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

## Count 6: Possession with Intent to Distribute 40 Grams or More of Fentanyl

a.   On or about December 7, 2022, in the Western District of New York, the defendant, DWAYNE LOWERY a/k/a Chi Chi, did knowingly and intentionally possess with intent to distribute 40 grams or more of of   N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl]   propanamide (fentanyl), a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

b.   Specifically, on December 7, 2022, law enforcement executed a search warrant at the defendant's residence at 15 West Cowden Place, Jamestown, New York, at which time the defendant was detained. Prior to the execution of the search warrant, law enforcement had conducted two controlled purchases of approximately 1.5 grams of fentanyl from the defendant at 15 West Cowden Place. During the search of the premises, law enforcement recovered the following items, among other things: 59.288 grams of fentanyl, as confirmed by laboratory analysis, $1,140 in United States Currency, multiple scales, and packaging material traditionally associated with narcotics trafficking.

3

c.    The defendant admits that he possessed the seized fentanyl with the intent to distribute it. The defendant also admits that the seized $1,140 in United States Currency was the proceeds of fentanyl trafficking, which, at approximately $100 per gram of fentanyl, constitutes the equivalent of approximately 11.4 grams of fentanyl. Additionally, the defendant admits that he maintained the 15 West Cowden Place premises for the purpose of distributing fentanyl.

d.    Additionally, between in or about September 2022, and continuing to in or about April 2024, the defendant admits that he possessed with intent to distribute, and distributed, between 400 grams and 1.2 kilograms of fentanyl.

e.    The defendant and the government agree that at least 400 grams but less than 1.2 kilograms of fentanyl is the amount of the defendant's relevant conduct encompassed in Count 6 of the Indictment, which could be readily proven by the government against the defendant.

### Count 8: Kidnapping

f.    Between in or about October 2023, the exact date being unknown, and on or about November 3, 2023, in the Western District of New York, the defendant, DWAYNE LOWERY a/k/a Chi Chi, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold for ransom, reward, and otherwise, M.K, and in committing and in furtherance of the commission of the offense, did use any means, facility, and instrumentality of interstate commerce, that is, a cellular telephone, a motor vehicle, a hotel, and controlled substances, all in violation of Title 18, United States Code, Section 1201(a)(1).

g.    Specifically, in mid-October 2023, the defendant used a cellphone to invite M.K. and another individual to 164 N Union St., Olean, New York. When M.K. and the other individual arrived, the defendant physically removed the other individual from the residence and told M.K. that M.K. could not leave. For the next approximately twenty-two (22) days, M.K. was held by the defendant at various locations, including residences associated with the defendant in Buffalo and Olean, and a hotel located in Buffalo. If M.K. attempted to flee the locations, the defendant physically prevented her from doing so. The defendant used a transportation car service to transport himself and

4

M.K. from one location to the next. During this time, the defendant regularly provided M.K. with narcotics.

h.     On or about November 3, 2023, while M.K. was being held by the defendant at his Buffalo residence, MK escaped the residence, went to Buffalo Police Department headquarters, and reported that she was being held against her will. The defendant admits that he held M.K. during this period to benefit himself in some manner or degree.

i.     The above facts are set forth for the limited purpose of complying with Fed. R. Crim. P. 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

## III.    SENTENCING GUIDELINES

6.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.     Regarding Count 6, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(5) applies to the offense of conviction and provides for a base offense level of 30.

8.     Regarding Count 8, the government and the defendant agree that Guidelines § 2A4.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that, for Count 6, the following specific offense characteristic does apply:

    a.    the 2-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises to manufacture or distribute a controlled substance).

10. The government and the defendant agree that, for Count 8, the following specific offense characteristic does apply:

    a.    the 1-level increase pursuant to Guidelines § 2A4.1(b)(4)(B) (victim was not released before seven days had elapsed).

11. Regarding Count 8, the government maintains that the following additional specific offense characteristic does apply:

    a.    the 6-level increase pursuant to Guidelines § 2A4.1(b)(5) (victim was sexually exploited).

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this upward adjustment does not apply.

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level the offense of conviction for Count 6 is **32**.

13. Based on the foregoing, it is the understanding of the government that the adjusted offense level for the offense of conviction for Count 8 is **39**. The defendant maintains that the adjusted offense level for Count 8 is **33**.

6

## COMBINED ADJUSTED OFFENSE LEVEL

14.    Based on ¶¶ 7 through 13 of this agreement and Guidelines §§ 3D1.1(a)(3) and 3D1.4, the parties agree that if the government's Guidelines calculations apply, the defendant's combined adjusted offense level is **40**, and that, if the defendant's Guidelines calculations apply, the defendant's combined adjusted offense level is **35**.

## ACCEPTANCE OF RESPONSIBILITY

15.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **37**, if the government's calculations apply, and a total offense level of **32**, if the defendant's calculations apply.

## CRIMINAL HISTORY CATEGORY

16.    It is the understanding of the government and the defendant that the defendant's criminal history category is **II**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

7

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17.    It is the understanding of the government and the defendant that, with a criminal history category of **II**:

    a.    If the Court applies the 6-level increase pursuant to Guidelines § 2A4.1(b)(5) and, therefore determines the total offense level to be **37**, the defendant's sentencing range would be a term of imprisonment of **235 to 293 months**, a fine of **$40,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**.

    b.    If the Court does not apply the 6-level increase pursuant to Guidelines § 2A4.1(b)(5), and therefore determines the total offense level to be **32**, the defendant's sentencing range would be a term of imprisonment of **135 to 168 months**, a fine of **$35,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**.

    c.    Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

18.    Except as set forth in ¶ 11 above, the government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

19.    It is the agreement of the parties pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that the Court at the time of sentencing impose a fine of at least $1,140.00, as part of the appropriate sentence of this case. The defendant agrees that the $1,140.00 in cash recovered by law enforcement officers will be applied toward the fine. This

agreement applies only to the amount of the fine and does not affect the length and conditions of a term of supervised release that may be imposed by the Court at sentencing

20.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

21.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

22.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.     IMMIGRATION CONSEQUENCES

23.     The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant

understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's convictions in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's convictions may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's convictions on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty pleas may entail.

24.    The defendant understands that the defendant is bound by the guilty pleas regardless of the immigration consequences of the pleas. Accordingly, the defendant waives any and all challenges to the guilty pleas and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty pleas or to file a direct appeal or any kind of collateral attack challenging the guilty pleas, convictions, or sentence based on the immigration consequences of the guilty pleas, convictions, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

10

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

25.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

26.    At sentencing, the government will move to dismiss the open counts in the Indictment.

27.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

11

## VII.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

28.    The defendant understands, and the parties agree, that an offense listed under Title 18, United States Code, Section 3663A(c)(1) gave rise to this plea agreement, and therefore the Court must require restitution in an amount to be determined by the Court to be paid to victim M.K. at a later date as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. Additionally, the parties agree that the Court shall require restitution in an amount to be determined by the Court to be paid to any other identifiable victims as part of the defendant's sentence, pursuant to Title 18, United States Code, Section 3663(a)(3). The defendant understands that defendant will not be entitled to withdraw the pleas of guilt based upon any restitution amount ordered by the Court.

29.    The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

30.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information,

12

bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

31.    The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be: (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

32.    Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The

government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is (are) paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

33.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

34.     The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, and receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

35.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used

14

to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

36.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

37.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under United States Sentencing Guidelines § 3E1.1.

## VIII.   APPEAL RIGHTS

38.     The defendant knowingly waives the right to appeal and collaterally attack the defendant's convictions in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the convictions based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statutes to which the defendant is pleading guilty.

15

39.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court in this case which falls within or is less than a term of imprisonment of **235 to 293 months**, a fine of **$40,000 to $5,000,000**, and a period of supervised release of not more than **4 to 5 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

40.    The defendant understands that by agreeing not to collaterally attack the convictions or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the convictions or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

41.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **135 to 168 months**, a fine of **$35,000 to $5,000,000**, and a period of supervised release of not more than **4 to 5 years**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

42.    By entering the guilty pleas, the defendant waives any and all right to withdraw the defendant's pleas or to attack the defendant's convictions or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

43.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

44.    This plea agreement represents the total agreement between the defendant, DWAYNE LOWERY a/k/a Chi Chi, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:    ___Donna Duncan___
DONNA M. DUNCAN
Assistant United States Attorney

Dated: March __9__, 2026

17

I have read this agreement, which consists of pages 1 through 18. I have had a full opportunity to discuss this agreement with my attorney, Justin D. Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
DWAYNE LOWERY                             JUSTIN D. GINTER, ESQ.
a/k/a Chi Chi                             Attorney for the Defendant
Defendant

Dated: March ___, 2026                    Dated: March _9_, 2026

18